IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD JOHN SONSALLA,

                Plaintiff,

  v.

CITY OF INDEPENDENCE, MAYOR BOB BAECKER
AND ALL THE COUNCIL MEMBERS,
LENICE PRONSCHINSKI, DAVE GALEWSKI,
BEN SYLLA, JASON EKRON, DENNIS
PRONSCHINSKI, CHAD MIEMJETZ,
CRAIG KONTOR, TOM KLOSS, CLEO SKROCH,
BRAD RUBARCHEK, and RICH THEISON,

                Defendants.

OPINION and ORDER

21-cv-802-jdp

---

Pro se plaintiff Ronald John Sonsalla has filed a lawsuit alleging that he was wrongly terminated by the City of Independence, Wisconsin. He has sued several individuals associated with the city, and with the city's Water and Sewer Board in particular. Sonsalla has paid the $402 filing fee for his lawsuit. Generally, the next step would be for the court to issue summonses so that Sonsalla could serve his complaint on defendants. But summonses cannot be issued at this time because Sonsalla's allegations are not sufficient to establish this court's subject matter jurisdiction or to state any federal claim for relief against any defendant. I will give Sonsalla an opportunity to file an amended complaint that clarifies his claims.

ANALYSIS

Sonsalla alleges that he worked for the City of Independence. During his employment, he was verbally abused by the mayor and council members, he was denied a raise unfairly, he was assigned a dangerous job, and he was terminated unfairly. Sonsalla has sued the city, the

mayor, council members, and several other individuals whom I assume are associated with the city. He states that he is suing defendants under federal law. But Sonsalla's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Before Sonsalla may proceed with this lawsuit, he must provide more information to satisfy Rule 8.

First, Sonsalla must clarify the nature of his claims against defendants. This court has jurisdiction over some, but not all, types of employment claims. Sonsalla submitted a letter from the United States Equal Employment Opportunity Commission with his complaint, so I assume that Sonsalla is attempting to raise a discrimination claim against defendants. This court has jurisdiction over certain types of employment discrimination claims, but Sonsalla does not say what type of discrimination he is alleging—such as age, sex, race, national origin, or disability discrimination. Sonsalla must identify a type of discrimination that is protected by federal law before he may proceed further with this case.

Second, Sonsalla does not explain what each individual defendant did to violate his rights. Generally, the employing entity is the proper defendant in a federal employment discrimination lawsuit. *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) (individuals are not proper defendants under Title VII of the Civil Rights Act, Americans with Disabilities Act, or Age Discrimination in Employment Act). If Sonsalla is suing because he was discriminated against on the basis of his age, sex, race, national origin, or

disability, the City of Independence would be the only proper defendant. If Sonsalla thinks that the individual defendants are liable for violating rights protected by other laws, he must provide more information about what each defendant did and why Sonsalla thinks the defendant's actions violated his rights.

Because Sonsalla's complaint violates Rule 8, I will dismiss the complaint without prejudice and will give Sonsalla the opportunity to file an amended complaint that includes the allegations that are missing. If Sonsalla chooses to file an amended complaint, he should keep it short and to the point, but should draft it as if he is telling a story to people who know nothing about his situation. In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- What was Sonsalla's job with the City of Independence?
- Who were Sonsalla's supervisors?
- What specific unfair actions were taken against Sonsalla?
- Who was responsible for taking those unfair actions?
- Why does Sonsalla think the unfair actions were illegal?
- Does Sonsalla think that the unfair actions were discriminatory?
- Does Sonsalla think that he was discriminated against on the basis of a characteristic protected by federal law (such as age, race, sex, national origin, or disability)? If so, why?
- What type of relief is Sonsalla seeking in federal court?

If Sonsalla files an amended complaint by the deadline below, I will review it for compliance with Rule 8. If his amended complaint provides sufficient information to satisfy Rule 8 and

establish a basis for jurisdiction, summonses will be issued so that Sonsalla may serve his amended complaint on defendants.

## ORDER

IT IS ORDERED that plaintiff Ronald John Sonsalla's complaint is DISMISSED for its failure to establish subject matter jurisdiction and failure to comply with Fed. R. Civ. P. 8. Sonsalla may have until February 16, 2022 to file an amended complaint that complies with Rule 8 and establishes subject matter jurisdiction, as set forth above. If Sonsalla does not file an amended complaint by February 16, 2022, the clerk of court is directed to close this case.

Entered January 27, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge